UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-263 |
| MICHAEL MAHONEY | SECTION "A" |

**ORDER AND REASONS**

Before the Court is a **Motion to Reduce Sentence (Rec. Doc. 74)** pursuant to Section 404 of the First Step Act of 2018 filed by the Defendant Michael Mahoney. For the following reasons, the motion is denied.

**I.    BACKGROUND**

In 2009, Michael Mahoney sold approximately fifty-four grams of crack cocaine to a confidential informant. (Rec. Doc. 34, p. 1-3, Factual Basis). A week later, on April 1, 2009, agents searched Mahoney's home and found twenty-eight grams of crack cocaine, forty-eight grams of marijuana, and a pistol. *Id*. at 3. The next day, Mahoney sold forty-eight grams of crack cocaine again to an informant, and officers later arrested him. *Id*. at 4.

On April 21, 2010, Mahoney plead guilty to distributing at least fifty grams of crack cocaine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1), possessing and distributing at least five grams of crack cocaine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 2), possessing at least five grams of crack cocaine with intent to distribute 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 3), possessing marijuana with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count 4); possessing a firearm as a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(g)(2) (Count 5), and possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1) (Count 6). (Rec. Doc. 43, Judgment). At his sentencing, Mahoney was classified as a career offender under U.S.S.G.

§ 4B1.1 based on his two prior drug convictions. (Rec. Doc. 80, Presentence Investigation Report). The Court sentenced Mahoney to 262 months on each of the drug-trafficking counts, 120 months for the felon-in-possession count, and a consecutive sentence of 60 months for the § 924(c)(1) count. *Id*. This resulted in a total term of 322 months.

On December 21, 2018, the President signed into law the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). Section 404(b) of the First Step Act allows defendants sentenced under statutory, mandatory minimum provisions for crack offenses under 21 U.S.C. § 841(b)(1)(A) & (B) before August 3, 2010 that were also lowered by the Fair Sentencing Act of 2010[1] to petition courts to reduce their sentences as if the lower sentencing provisions were in effect at the time the offenses were committed.

As a result, Mahoney filed this motion for relief under the First Step Act. (Rec. Doc. 156). The Government opposes a reduction. (Rec. Doc. 78, p. 1, Government's Opposition).

## II.    DISCUSSION

In his motion for reduction, Mahoney contends that the quantity of crack alleged in the indictment makes him eligible for a reduced sentence under § 404 of the First Step Act. Section 404 of the First Step Act allows the Court to impose a reduced sentence if the defendant committed a "covered offense." As the Fifth Circuit has explained, "[i]f [the defendant] was convicted of violating a statute whose penalties were modified by the Fair Sentencing Act, then [the defendant] meets that aspect of a 'covered offense.'" *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019). However, as the Fifth Circuit has also noted, the First Step Act does not require the Court to reduce the sentence of an eligible defendant; rather, that decision is within the Court's discretion. *Id*. at 321.

---

[1] Pub. L. No. 111–220; 124 Stat. 2372 ("Fair Sentencing Act").

Here, Mahoney was adjudicated guilty of, among other things, 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Because § 841(a)(1) was amended by the Fair Sentencing Act, this offense qualifies as a "covered offense." *Jackson*, 945 F.3d at 320. Accordingly, Mahoney is eligible for resentencing as to Counts 1 through 4. However, the Court chooses not to resentence Mahoney for multiple reasons. First, the Court is concerned by the extensive nature of Mahoney's criminal history, which include:

1. April 29, 2001 – Possessing crack cocaine.
2. July 17, 2001 – Possessing a stolen vehicle and possessing crack cocaine with intent to distribute.
3. September 28, 2001 – Manufacturing and distributing crack cocaine.
4. November 22, 2002 – Manufacturing and distributing LSD and crack cocaine.
5. April 9, 2009 – Illegally possessing stolen things.[2]

Mahoney's criminal conduct did not stop once he entered prison. His post-conviction behavior includes: possessing intoxicants (6 times); refusing to obey orders (2 times); fighting (2 times): possessing a dangerous weapon (2 times); possessing an unauthorized item; assault without serious injury; assault with serious injury; and phone abuse.[3]

In sum, the Court finds Mahoney's extensive criminal activity troubling. Before and after his conviction, Mahoney has consistently displayed an inability to follow rules and refrain from improper behavior. Thus, the Court, in exercising its discretion under § 404 of the First Step Act, denies Mahoney's request for resentencing.

Accordingly;

---

[2] (Rec. Doc. 80, p. 21-24, Presentence Investigation Report).

[3] *See* Mahoney's Inmate Discipline Data and Chronological Disciplinary Record.

**IT IS ORDERED** that the **Motion to Reduce Sentence (Rec. Doc. 74)** pursuant to Section 404 of the First Step Act of 2018 filed by the Defendant Michael Mahoney is **DENIED**.

August 11, 2020

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE