UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| | * | |
| VERSUS | * | NO. 09-263 |
| | * | |
| MICHAEL MAHONEY | * | SECTION "A" |
| | * | |
| | * | |

**ORDER AND REASONS**

The following motion is before the Court on remand from the United States Court of Appeals for the Fifth Circuit: **Motion to Reduce Sentence (Rec. Doc. 74)** filed by Defendant, Michael Mahoney, pursuant to the First Step Act of 2018. The United States opposes the motion. For the reasons that follow, the motion is **DENIED**.

**I.     BACKGROUND**

In 2009, Michael Mahoney sold approximately fifty-four grams of cocaine base to a confidential informant. (Rec. Doc. 34, at 1-3, Factual Basis). Soon thereafter, on April 1, 2009, agents searched Mahoney's home and found twenty-eight grams of cocaine base, forty-eight grams of marijuana, and a pistol. (*Id.* at 3). The next day, Mahoney sold an additional forty-eight grams of cocaine base to an informant, and officers later arrested him. (*Id.* at 4).

On April 21, 2010, Mahoney pled guilty to distributing at least fifty grams of cocaine base under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1); possessing and distributing at least five grams of cocaine base under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 2); possessing at least five grams of cocaine base with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 3); possessing marijuana with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count 4); possessing a firearm as a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(g)(2) (Count 5); and possessing a firearm in furtherance of a drug trafficking

1

crime under 18 U.S.C. § 924(c)(1) (Count 6). (Rec. Doc. 43, Judgment). At his sentencing, Mahoney was classified as a career offender under U.S.S.G. § 4B1.1 based on his two prior drug convictions. (Rec. Doc. 80). The Court sentenced Mahoney to 262 months for Counts 1 through 4, a concurrent sentence of 120 months for Count 5, and a consecutive sentence of 60 months for Count 6. (*Id.*). This resulted in a total term of 322 months.

Under § 404(b) of the First Step Act, if a defendant satisfies the statutory requirements,[1] he may petition the sentencing court to retroactively reduce his sentence according to the new sentencing guidelines. Mahoney, believing he qualifies, requests relief under the First Step Act. (Rec. Doc. 74). The Government opposes a reduction. (Rec. Doc. 78; Rec. Doc. 102).

Upon initial review in 2020, this Court denied Mahoney's motion due to disturbing pre- and post-conviction behavior. (Rec. Doc. 84). On appeal, the Fifth Circuit remanded the motion in light of the Supreme Court's decision in *Concepcion v. United States*, 597 U.S. 481 (2022), which requires the sentencing court to consider all post-sentencing changes in fact and law brought before the court. *Id.* at 489-90, 500-01. However, "the court is free to agree or disagree with any of the policy arguments raised before it. All that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." *Id.* at 501 (cleaned up).

## II.  DISCUSSION

In his motion for reduction, Mahoney contends that the quantity of cocaine base alleged in the indictment makes him eligible for a reduced sentence under § 404 of the First Step Act. Section 404 of the First Step Act allows the court to impose a reduced sentence if the defendant committed a "covered offense." First Step Act § 404(a)-(b). However, the First Step Act does not require the

---

[1] The defendant must have been sentenced for a "covered offense," which is any violation of a federal criminal statute, the penalties for which were modified by the Fair Sentencing Act of 2010, that was committed before August 3, 2010. First Step Act § 404(a)-(b). If the defendant qualifies, the court may impose a reduced sentence, as though the Fair Sentencing Act were in effect when the crime was committed. *Id.* (b).

2

court to reduce the sentence of an eligible defendant; rather, that decision is within the court's discretion. *Id.* (c) ("Nothing in [Section 404] shall be construed to require a court to reduce any sentence pursuant to [Section 404].").

Here, Mahoney was adjudicated guilty of, among other things, violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Because § 841(a)(1) was amended by the Fair Sentencing Act, and because the act was committed before August 3, 2010, this offense qualifies as a "covered offense." Accordingly, Mahoney is eligible for resentencing as to Counts 1 through 4. In support of resentencing, Mahoney cites to two changes in DOJ internal policies that would decrease his sentence.[2] In response, the government argues in favor of Mahoney's designation as a career offender, and asserts that new DOJ policies do not qualify as intervening changes in law or fact under *Concepcion*.

As an initial matter, this Court does not believe that a change in DOJ policy qualifies under *Concepcion* as an intervening change in law. DOJ internal policies do not carry the force of law, nor do they provide individuals with enforceable rights of action. However, a DOJ policy change could be considered a change in fact, even if it does not align exactly with the example provided in *Concepcion* (behavior in prison). For the purposes of this motion, the Court will consider the two DOJ policy changes to which Mahoney cites. The first would lower his career offender guidelines sentencing range to 188-to-235 months.[3] Additionally, Mahoney urges that a new DOJ internal policy requires prosecutors to consider supporting a downward variance to the sentencing range that would apply in the absence of career offender status when the underlying crimes are

---

[2] Both alterations in DOJ policy occurred after Mahoney's initial motion for resentencing was considered, and are therefore being considered for the first time here.

[3] This policy change requires federal prosecutors to charge cocaine base offenses according to the "pertinent statutory quantities that apply to powder cocaine offenses," to remediate the gap in sentencing guidelines between powder and cocaine base offenses. (Rec. Doc. 96, at 5). Doing so would alter Mahoney's career offender guidelines. Mahoney's mandatory sentence of 60 months for possession of a firearm in furtherance of a drug trafficking crime would still apply in full, running consecutive to the career offender sentence.

non-violent controlled substance offenses. (Rec. Doc. 96, at 7-8). The government argues that Mahoney should be sentenced as a career offender and does not support a downward variance.

In determining Mahoney's motion for reduction, the Court has considered Mahoney's various claims regarding his character. (Rec. Doc. 83, at 1). He is currently working toward his GED and, for at least some time, simultaneously was assigned a work detail. (*Id.*). He states that he has reflected on his mistakes, has committed himself to his education, and is prepared to positively influence his family members, who wrote letters on his behalf. (*Id.*). As of 2020, he had completed over sixty educational classes while in prison. (*Id.* at 10). Further, he explains that his criminal history, which is "entirely nonviolent," suggests a far lower recidivism rate than would be expected for someone with a violent criminal history. (Rec. Doc. 96, at 2, 7-8).

In support of resentencing, Mahoney's 2020 memorandum argued that he had not been disciplined for conduct in prison for almost three years. Further, he defended his most serious disciplinary actions, arguing that they were the result of extenuating circumstances.[4] However, in the three years since Mahoney's original motion was filed, Mahoney has been disciplined for the following conduct in prison:

- April 22, 2020: Possession of intoxicants
- December 13, 2020: Possession of drugs/alcohol
- January 11, 2021: Possession of a cell phone
- March 9, 2022: Possession of a cell phone and a prison-made weapon
- March 16, 2022 (hearing date): Possession of a hazardous tool

---

[4] Mahoney states that much of his pre-2020 disciplinary history is an aberration and can be explained by his incarceration at USP Lewisburg's Special Management Unit. (Rec. Doc. 83, at 10-11). He states that Lewisburg is known for housing volatile and dangerous inmates and having poor living conditions. (*Id.* at 11-12). The Court has considered the conditions at USP Lewisburg and their effects on Mahoney, as well as the information provided in footnote 44 of Mahoney's memorandum describing the other inmates involved in his incidents at Lewisburg (*Id.* at 15 n. 44).

- July 9, 2022: Possession of a prison-made weapon

- January 3, 2023: Assault of another inmate (without serious injury)

- November 8, 2023: Fighting with another person

This extensive disciplinary history—especially the multiple violations for possession of a prison-made weapon—concerns the Court of Mahoney's character and fitness for a reduced sentence. At the time of his initial filing, Mahoney had a lengthy disciplinary history, which factored into this Court's decision not to resentence Mahoney.[5] His conduct has clearly not improved. Mahoney's briefing focuses on his lack of violent criminal history, yet his time in prison suggests a violent nature.

Having considered the intervening changes in law and fact provided by both Mahoney and the government, including the intervening changes in the DOJ's internal policies, this Court is concerned with Mahoney's character due to his extensive criminal history and post-conviction behavior. While the Court applauds Mahoney's desire to acquire his GED and recognizes his commitment to his family, his activity in custody has shown a troubling trend. Mahoney has consistently displayed an inability to follow rules and refrain from improper behavior. Thus, the Court, in exercising its discretion under § 404 of the First Step Act, denies Mahoney's request for resentencing.

January 22, 2024

                                                         JAY C. ZAINEY
                                     UNITED STATES DISTRICT JUDGE

---

[5] Among the infractions committed several years ago are two counts of possession of a dangerous weapon. (*See* Mahoney's Inmate Discipline Data and Chronological Disciplinary Record). The Court was also concerned with Mahoney's extensive criminal history, detailed in the Order and Reasons docketed as Rec. Doc. 84, including crimes for drug trafficking and possession with intent to distribute cocaine base.