UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-263 |
| MICHAEL MAHONEY | SECTION "A" |

## ORDER AND REASONS

Before the Court is Defendant Michael Mahoney's **Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Rec. Doc. 105)** ("Motion for Compassionate Release"). The Government opposes the motion. For the following reasons, the motion is denied.

### I.  Background

In 2009, Michael Mahoney sold approximately fifty-four grams of cocaine base to a confidential informant. (Rec. Doc. 34, at 1-3, Factual Basis). Soon thereafter, on April 1, 2009, agents searched Mahoney's home and found twenty-eight grams of cocaine base, forty-eight grams of marijuana, and a pistol. (*Id.* at 3). The next day, Mahoney sold an additional forty-eight grams of cocaine base to an informant, and officers later arrested him. (*Id.* at 4).

On April 21, 2010, Mahoney pled guilty to distributing at least fifty grams of cocaine base under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1); possessing and distributing at least five grams of cocaine base under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 2); possessing at least five grams of cocaine base with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 3); possessing marijuana with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count 4); possessing a firearm as a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(g)(2) (Count 5); and possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1) (Count 6). (Rec. Doc. 43, Judgment). At his sentencing, Mahoney was classified as a career offender under U.S.S.G. § 4B1.1 based on his two prior drug convictions. (Rec. Doc. 80). The Court sentenced Mahoney to 262 months for

Counts 1 through 4, a concurrent sentence of 120 months for Count 5, and a consecutive sentence of 60 months for Count 6. (*Id.*). This resulted in a total term of 322 months.

Under § 404(b) of the First Step Act, if a defendant satisfies the statutory requirements,[1] he may petition the sentencing court to retroactively reduce his sentence according to the new sentencing guidelines. Mahoney, believing he qualified, requested relief under the First Step Act in 2019. (Rec. Doc. 74). Upon initial review in 2020, this Court denied Mahoney's motion due to disturbing pre- and post-conviction behavior. (Rec. Doc. 84). On appeal, the Fifth Circuit remanded the motion in light of the Supreme Court's decision in *Concepcion v. United States*, 597 U.S. 481 (2022), which requires the sentencing court to consider all post-sentencing changes in fact and law brought before the court.[2] *Id.* at 489-90, 500-01.

The Court considered Mahoney's motion on remand in January 2024 and explained as follows:

> Having considered the intervening changes in law and fact provided by both Mahoney and the government, including the intervening changes in the DOJ's internal policies, this Court is concerned with Mahoney's character due to his extensive criminal history and post-conviction behavior. While the Court applauds Mahoney's desire to acquire his GED and recognizes his commitment to his family, his activity in custody has shown a troubling trend. Mahoney has consistently displayed an inability to follow rules and refrain from improper behavior. Thus, the Court, in exercising its discretion under § 404 of the First Step Act, denies Mahoney's request for resentencing.

(Rec. Doc. 103).

---

[1] The defendant must have been sentenced for a "covered offense," which is any violation of a federal criminal statute, the penalties for which were modified by the Fair Sentencing Act of 2010, that was committed before August 3, 2010. First Step Act § 404(a)-(b). If the defendant qualifies, the court may impose a reduced sentence, as though the Fair Sentencing Act were in effect when the crime was committed. *Id.* (b).

[2] *But see Concepcion*, 597 U.S. at 501 (explaining that "the court is free to agree or disagree with any of the policy arguments raised before it" and "[a]ll that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." (cleaned up)).

The "post-conviction behavior" serving as a partial basis for the Court's January 2024 Order included the following infractions, which Mahoney committed between filing his original motion and the Court's reconsideration on remand:

- April 22, 2020: Possession of intoxicants
- December 13, 2020: Possession of drugs/alcohol
- January 11, 2021: Possession of a cell phone
- March 9, 2022: Possession of a cell phone and a prison-made weapon
- March 16, 2022 (hearing date): Possession of a hazardous tool
- July 9, 2022: Possession of a prison-made weapon
- January 3, 2023: Assault of another inmate (without serious injury)
- November 8, 2023: Fighting with another person

(Rec. Doc. 103, at 4). And, as the Court is now aware, just 10 days before the Court's January 2024 order was signed, Mahoney was sanctioned yet again after admitting to possession of prison made alcohol. (*See* Rec. Doc. 107-1).

## I.     Legal Standard

The First Step Act allows for the modification of a term of imprisonment upon a finding that certain extraordinary and compelling reasons warrant a reduction in an inmate's sentence. In its current form, the compassionate release provision provides that:

> (c) Modification of an Imposed Term of Imprisonment — the court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

3

> on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Although sentence reductions under § 3582 historically could be ordered only upon a motion by the Director of the Bureau of Prisons ("BOP"), the First Step Act amended the statute to allow prisoners to petition the district courts as set forth above. However, a prisoner must first exhaust his administrative remedies either by fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release on his behalf, or by filing the motion with the court after a lapse of 30 days from the date of the warden's receipt of his request for release, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A).

If administrative remedies are sufficiently exhausted, then

> [A] prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

The applicable Sentencing Commission Policy Statement ("Policy Statement") provides that extraordinary and compelling reasons may exist when certain circumstances, alone or in combination, are present. *See* U.S.S.G. § 1B1.13(b) (2023). Those include certain medical

4

conditions of the defendant; the defendant being housed at a facility affected, or at imminent risk of being infected, by an ongoing outbreak of an infectious disease or a public health emergency; and the defendant's age, family circumstances, status as a victim of abuse, or other reasons that "are similar in gravity." *Id.* § 1B1.13(b)(1)–(5). Additionally,

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6).

Otherwise, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." *Id.* § 1B1.13(c). But if a defendant can establish that an extraordinary and compelling reason warrants a sentence reduction, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*

Similarly,

> [p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

*Id.* § 1B1.13(d).

**II.     Parties' Arguments**

In the present motion, Mahoney contends as follows. First, he argues that he is facing an unusually long sentence. (Rec. Doc. 105, at 6). He then argues that a reduction is warranted because (i) the enhancement for a prior felony conviction is no longer applicable on the basis that possession of crack does not qualify as a predicate offense for the enhancement; (ii) the DOJ policy decision eliminating the crack-to-powder disparity reduces his guidelines; and (iii) the career offender enhancement no longer applies because "the priors used are no longer predicates." (*Id.* at 5).

The Government opposes Mahoney's motion on multiple fronts. First it contends that "Mahoney's argument under Section (B)(6) fails even without addressing all of the listed factors because none of his argued changes in the law produce a gross disparity between the sentence he presently serves and the sentence he believes would be imposed pursuant to his motion." (Rec. Doc. 107, at 9). It next argues that, while it is true that several changes in the law have occurred since Mahoney's sentencing, it is also true that none of them support a reduction here. (*Id.*). Finally, it contends that the Section 3553(a) factors weigh against Mahoney's release. (*Id.* at 11 (citing 18 U.S.C. § 3553(a)).

In reply, Mahoney asks the Court to consider his rehabilitative efforts, which include the 1000-plus hours of classes he has completed. (Rec. Doc. 110, at 3). He also contends that his prison conduct "is a reflection of youthful misguidance[,] a lack of maturity[,] and underdeveloped sense of responsibility"; which, as a result, made him "more likely to make egregious mistakes and engage in poor decision making." (*Id.* at 4). Finally, he explains that certain infractions he committed were unavoidable due to prison conditions and the dangers they impose on inmates. (*Id.* at 5).

**III.   Discussion**

As a threshold matter, the Court notes that some of Mahoney's arguments in this motion were previously considered in the January 2024 Order and Reasons (Rec. Doc. 103) denying his Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act of 2018 (Rec. Doc. 74; Rec. Doc. 83). For example, in a memorandum filed in support of his motion for a sentence reduction on June 22, 2023, Mahoney made the following arguments: (i) "Intervening changes of fact support the application of lower statutory and Guidelines ranges to Mr. Mahoney's crack-related offenses"; (ii) "Intervening changes of fact strongly support a downward variance from the career offender Guidelines range due to Mr. Mahoney's nonviolent history"; and (iii) Mr. Mahoney's prior drug possession conviction no longer qualifies for a statutory enhancement under § 841(b)(1)." (*See* Rec. Doc. 96, at 4, 6, 9). As the Court explained last year, "the First Step Act does not require the court to reduce the sentence of an eligible defendant; rather, that decision is within the court's discretion." (Rec. Doc. 103, at 2–3). To the extent that he asks the Court to reconsider this analysis, it is unpersuaded by the briefing before it that anything has changed, and incorporates by reference its reasons in the January 2024 Order. (Rec. Doc. 103).

The Court now turns to Mahoney's arguments in support of a compassionate release pursuant to 18 U.S.C. § 3582(c). As previously explained, there are two prerequisites to considering whether extraordinary and compelling reasons warrant a reduction under Section 3582(c): (i) exhaustion of administrative remedies; and (ii) consideration of the Section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A) (noting that a term of imprisonment may be reduced only "*after* considering the factors set forth in section 3553(a) to the extent that they are applicable"). Here, Mahoney contends that he has exhausted his administrative remedies and the Government does not contest the contention; but the analysis fails at the second prerequisite because the

Court is unconvinced that the Section 3553(a) factors warrant a sentence reduction.[3] In particular, the Court finds that "the nature and circumstances of the offense and the history and characteristics of the defendant" militate against compassionate release. 18 U.S.C. § 3553(a)(1).[4] Guiding the Court's analysis here are (i) Mahoney's criminal history, (ii) the nature and circumstances of the offenses underlying his current sentence, and (iii) Mahoney's prison record. Each of these reasons are briefly restated below, but outlined in greater detail *supra*.

As it concerns his criminal history, the Court notes that he had two prior drug convictions at the time of the sentencing in the present case. As it concerns the nature and circumstances of the offenses underlying his current sentence, the Court notes that the sentence imposed was based on a guilty plea to (i) distributing at least fifty grams of cocaine base, (ii) possessing and distributing at least give grams of cocaine base, (iii) possessing at least five grams of cocaine base with intent to distribute, (iv) possessing marijuana with intent to distribute, (v) possessing a firearm as a convicted felon, and (vi) possessing a firearm in furtherance of a drug trafficking crime. And as it concerns the history and characteristics of Mahoney while incarcerated, the Court notes that he has been formally sanctioned at least 9 times in the past 5 years for offenses

---

[3] The court's application of the § 3553(a) factors is discretionary. *See Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A) ("[M]otions for compassionate release are inherently discretionary. By statute, a district court 'may' reduce an otherwise-eligible defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'")); *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007) ("[A] 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.' Thus, we give deference to the district court's decision and note that reversal is not justified where 'the appellate court might reasonably have concluded that a different sentence was appropriate.'")).

[4] The Court arrived at its decision after reviewing and balancing each § 3553(a) factor. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant[.]

such as possession of drugs and alcohol, manufacturing alcohol, possession of a prison-made weapon, and fighting.

In addition to the Court's finding that the nature and circumstances of the offense and the history and characteristics of the defendant weigh against compassionate release, the Court further stresses that granting the relief Mahoney seeks would achieve the opposite of the remaining factors. The punishment that he has received is just, and it reflects the gravity of his offense. 18 U.S.C. § 3553(a)(2)(A). Moreover, to allow an early release would not afford adequate deterrence to the criminal conduct he committed, *id.* § 3553(a)(2)(B); and, most importantly, Mahoney's prison record makes clear that, even while confined, he has not succeeded at following the law. *Id.* § 3553(a)(2)(C).

Because the Section 3553(a) factors weigh against compassionate release, the Court need not reach the merits of whether extraordinary and compelling circumstances exist. *See United States v. Samak*, No. CR 91-189, 2020 WL 4050365, at *5 (E.D. La. July 20, 2020) (district court did not reach question of whether defendant had established extraordinary and compelling circumstances because, even if he had, defendant was not entitled to compassionate release given nature of his offenses and impact his crimes left on his victims and despite his having served 30 years of his life sentence), *aff'd*, 832 F. App'x 330 (5th Cir. 2020).

Accordingly;

**IT IS ORDERED** that Defendant Michael Mahoney's **Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Rec. Doc. 105)** is **DENIED**.

August 12, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE